## CHAPMAN v. CARROTHERS.
## (No. 706.)

SALES—PAYMENT—BURDEN OF PROOF—SUFFICIENCY OF EVIDENCE.

1. In an action upon a written contract of sale to recover from the buyer the amount of certain indebtedness of the plaintiff, the seller, to a certain creditor, which the buyer had agreed to pay as part of the consideration for the sale, where the defendant in his answer admitted that on the date of the contract the plaintiff was indebted to said creditor in the amount stated in the petition, and alleged as a defense that on a subsequent date the defendant settled with the plaintiff and paid the full consideration of the contract sued on, the burden was upon the defendant to prove such settlement and payment.

2. In an action on a written contract to recover from the buyer the amount of certain indebtedness to a certain creditor of the plaintiff, the seller, which the buyer had agreed to pay as a part of the consideration for the sale, the evidence *held* insufficient to sustain the defense of se't'ement and payment pleaded in the answer, and therefore insufficient to justify a reversal of a judgment for plaintiff; the defendant by his answer having admitted that on the date of the contract sued on the plaintiff was indebted to his said creditor in the amount alleged in the petition, and there being a substantial conflict in the evidence introduced by defendant to prove that a settlement had been made, and there being no evidence tending to show that the one with whom the settlement was claimed to have been made had authority to act for the plaintiff.

[Decided January 29, 1913.]                (129 Pac. 434.)

ERROR to the District Court, Big Horn County; HON. CARROLL H. PARMELEE, Judge.

The material facts are stated in the opinion.

*R. B. West* and *H. S. Ridgely,* for plaintiff in error.

The question to be here determined is whether or not the defendant proved the averments of his answer as to payment and settlement. The plaintiff introduced no evidence upon the question, and it is believed that a careful consideration of the evidence introduced by defendant fully establishes the payment and settlement alleged in the answer.

*John P. Arnott, E. E. Lonabaugh* and *Burke & Riner,* for defendant in error.

The defendant admitted the execution and delivery of the contract of sale, and, without pleading compliance therewith as to payment of the consideration, alleged payment to and settlement with the plaintiff. The defendant properly assumed the burden of proof upon the defense of settlement and payment, and offered evidence to sustain it. Owing to the conflict in the evidence given by the witnesses introduced by the defendant, and its generally unsatisfactory condition and lack of probative value, the trial court found against the defendant and rendered judgment for the plaintiff. Much of the evidence on the question consisted of mere statements of conclusions without the showing that a payment had in fact been made; and the legal effect of the testimony of the principal witness is that no settlement was made. A conflict of evidence may arise, not only where testimony is offered by both of the adverse parties, but also between the testimony of witnesses for the same party, when no two of them agree as to what was done. (Teske v. Teske, 1 Neb. (Unoff.) 365, 95 N. W. 685; Armstrong v. Ballew, 118 Ga. 68, 44 S. E. 996.) In such a case it would be more proper, perhaps, to designate the result as a failure of proof. Questions involving the credibility of witnesses, or a mere preponderance of evidence, will not be reviewed by the Appellate Court, where the trial court has passed on the facts, but some consideration must be given to the better position of the trial court to judge of the credibility of the

witnesses and weigh their testimony. (Kelly v. Brown, (Cal.) 8 Pac. 38; Bettens v. Hoover, (Cal.) 107 Pac. 329.)

In order to establish a settlement of disputed accounts to be effective as a compromise or adjustment of conflicting claims there must at least exist the following state of affairs: The parties must arrive at an agreement, and they must agree as to a specific sum of money to be paid by one or the other, and a specific discharge of the obligations held by the payee against the payor. (Ry. Co. v. Haverstick, (Ind.) 77 N. E. 34; Barrett v. Kern, (Mo.) 121 S. W. 774.) As to what constitutes an accord and satisfaction see: 1 Words & Phrases, pp. 81, 82 and 83; Harrison v. Henderson, (Kan.) 72 Pac. 875; Hennessy v. Ry. Co., (Minn.) 67 N. W. 635.) The payment of a smaller sum than the admitted amount of an obligation does not constitute satisfaction thereof. (Ins. Ass'n. v. Wickham, 141 U. S. 564, 35 L. Ed. 860; Peachy v. Witter, 131 Cal. 316, 63 Pac. 468; Boston v. Gibson, 111 Ill. App. 457; Rauen v. Prudential &c. Co., 129 Ia. 725, 106 N. W. 198; Upton v. Dennis, 133 Mich. 238, 94 N. W. 728; 1 Ency. Law, 413; 1 Words & Phrases, 83.) The party claiming a settlement has the burden of proving that a full and fair settlement was made. (Schisler v. Null, 91 Mich. 321, 51 N. W. 900; Baumier v. Auteau, (Mich.) 44 N. W. 939; 8 Cyc. 538.) The language of the answer setting up the affirmative defense amounts only to a plea of payment, and did not authorize proof of accord and satisfaction.

BEARD, JUSTICE.

The defendant in error, T. A. Carrothers, brought this action against the plaintiff in error, W. J. Chapman, in the District Court of Big Horn County to recover the amount alleged to be due on a certain written contract. A jury was waived and the cause tried to the court. The court found in favor of Carrothers in the sum of $829.55, and rendered judgment against Chapman for that amount and costs. Chapman brings the case here on error.

The contract sued on bears date September 9, 1902, and recites that Carrothers had on that date sold and delivered to Chapman his stock of wines, liquors and cigars, and the saloon furnishings and fixtures, together with the good will of the saloon business conducted by him in the town of Cody; and as a part of the consideration of such sale Chapman assumed and agreed to pay all of the debts and liabilities of Carrothers to E. C. Enderly and Stein, Block and Company on account of said saloon business, amounting in all to the sum of five hundred dollars, more or less.

The petition is separated into paragraphs which are numbered. In the first paragraph the sale and delivery of the property is alleged. The second alleges that at the date of the sale and prior thereto Carrothers was justly indebted to E. C. Enderly on account of said saloon business in the sum of $523.25. The third alleges that Chapman had failed and refused to pay any part of said indebtedness except $62.00 paid to Carrothers April 27, 1905, and that on the last mentioned date Carrothers was compelled to pay and did pay said Enderly said indebtedness with interest amounting in all to the sum of $629.25. The fourth pleads the contract. The fifth alleges the failure of Chapman to pay to Carrothers any part of said sum except the $62.00. The prayer is for judgment for $567.35 with interest from April 27, 1905.

The answer admits the allegations of paragraphs one, two and four of the petition, denies the allegations of the third paragraph, and alleges "that on or about April 26, 1905, defendant had a full and complete settlement with plaintiff and fully paid him all of the consideration of the contract sued upon, and that he does not owe the plaintiff the sum of $667.35, or any sum whatever." And denies the allegations of the fifth paragraph of the petition. The reply denies the new matter pleaded in the answer.

The only ground for a reversal of the judgment urged by counsel for plaintiff in error is that the finding and judgment of the District Court are not supported by the evidence. It being admitted by the answer that on September

9, 1902, the date of the contract sued on, Carrothers was justly indebted to said Enderly in the sum of $523.25, counsel for plaintiff in error very properly concede that the burden rested upon the defendant below to prove settlement and payment as alleged in the answer.

The evidence is very unsatisfactory. The defendant below testified in substance that a settlement was made between himself and Carrothers in Mr. Zaring's law office (in Basin, the county seat of Big Horn County) and that he signed a check, leaving the amount blank, and delivered it to his attorney, Mr. Walls; that they did not know the amount and for that reason the check was so made; that Walls was to fill in the amount and pay it to Carrothers; that the check was paid and the amount was $300.00 or $350.00; that it had been mislaid and that he did not know whether it was endorsed by Carrothers or not; that the check was given to settle his contract between Carrothers and himself; that he signed the check and left it with Walls, telling him he did not know exactly what it was, but about $300.00; that he signed the check and Walls filled it out; that at the time of the settlement there were present in Mr. Zaring's office, Mr. Zaring, Carrothers, a fellow they called Frenchy, and himself. Mr. Walls testified in substance that he was acting as attorney for Chapman in his absence; that Chapman and Carrothers arranged between themselves that one Fenton was to receive certain moneys in behalf of Carrothers from him; that at the time they did not know what the amount would be; that Chapman made a check payable to his (Walls') order, leaving the amount to be filled in by him; that he ascertained the amount, wrote it in the check, got it cashed and paid the money over to Fenton and took his receipt therefor and afterwards delivered the receipt to Chapman; that it ran in his mind that the amount was around $111.00, but he would not undertake to testify to the exact amount; that the money paid by him to Fenton was in full settlement of all the difficulties between Carrothers and Chapman. The receipt was not produced or offered in

evidence, and Chapman testified that he did not have it as he supposed the matter was settled and he never paid any attention to it.   Mr. Arnott testified that in the early part of 1903 he had for collection an account in favor of E. C. Enderly and against T. A. Carrothers for $523.25 for cigars and liquors sold by Enderly to Carrothers for the saloon purchased by Chapman; that on April 16, 1903, he took a note for that amount in favor of Enderly, signed by Carrothers and wife and secured by mortgage and sent the note and mortgage to Enderly.   Mr. Zaring testified to remembering Carrothers and Chapman being in his office in April, 1905, and it was his understanding that they were making a settlement of some differences, and he understood a settlement was made, but knew nothing of the details; that he then had for collection the note mentioned by Mr. Arnott and collected the amount including interest, $629.35, from Carrothers the next day.   The note was put in evidence and is marked "Paid in full April 27-05: C. A. Zaring." Neither Carrothers nor Fenton testified in the case, and the foregoing is substantially all of the evidence in the case.   Carrothers having paid that amount, he was entitled to recover the same from Chapman with legal interest from the date of payment, unless Chapman sustained his plea of settlement and payment.   We think it is clear that the parties did not agree upon the amount to be paid, the undisputed evidence being that they did not then know the amount.   There is no evidence tending to prove any authority of Fenton to make any agreement for Carrothers with Walls, or that he did do so in fact.   How Walls ascertained the amount he inserted in the check does not appear.   There is no evidence showing it to have been by any agreement between him and Carrothers or any one else having authority to do so.   There is also a substantial conflict in the testimony between Chapman and his attorney as to the amount of the check, neither of them states the amount definitely, and they vary widely in their recollections or impressions on this important matter in the case and which could have been learned by re-

ferring. to the books of the bank on which the check was drawn and where it was paid; especially is this the case when the record discloses that a part of the evidence was taken October 13, 1909, at which Chapman testified the check had been mislaid, and the cause was then continued over the term and the remaining evidence taken September 28, 1910. On the evidence presented, we think the District Court was correct in its conclusion that the evidence was insufficient to sustain the defense of settlement and payment pleaded in the answer, and that the record presents no error entitling the plaintiff in error to a reversal of the judgment. The judgment of the District Court is affirmed.    *Affirmed.*

SCOTT, C. J., and POTTER, J., concur.